UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:19 cv 2783T 33 SPF

AMANDA RYAN,

    Plaintiff,

vs.

V & J TSUNAMI LLC
d/b/a Tsunami Sushi & Hibachi,

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, AMANDA RYAN, by and through her undersigned attorneys, and hereby sues the Defendants, V & J TSUNAMI LLC, a Florida limited liability company, d/b/a Tsunami Sushi & Hibachi, and states as follows:

1.     Plaintiff, AMANDA RYAN (hereinafter referred to as "Plaintiff"), was an employee of Defendant, V & J TSUNAMI LLC, a Florida limited liability company, d/b/a Tsunami Sushi & Hibachi (hereinafter referred to as "Defendant"), and brings this action on behalf of herself for illegal retaliation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b). Plaintiff performed manual and other nonexempt duties and related activities in Polk County, Florida. This action arises under Section 15(a)(3) of the Fair Labor Standards Act.

2.     Defendant, V & J TSUNAMI LLC, is a Florida limited liability company authorized to do business in the State of Florida.

3.     At all times material hereto, Plaintiff was and is a resident of Polk County, Florida.



4. This action is brought to recover from Defendant liquidated damages, costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216(b) (hereinafter referred to as the "Act").

5. Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b). At all times pertinent to this Complaint, the Defendant was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. § 203(f) and 203(s). Tip pool requirements are also set forth within FLSA regulations.

6. Plaintiff was hired by Defendant on October 3, 2018.

7. Plaintiff had always received good evaluations and had been a dependable employee of Defendant. Plaintiff complained of Defendant's practice of Defendant's management/owner taking one third of the servers and bartenders tip pool. Plaintiff made this complaint within days of her discharge.

8. On October 20, 2018, Plaintiff reiterated directly to the owner her objection to the illegality of Defendant's management/owner taking from the tip pool. Plaintiff was told by the owner that she could not have this negativity in the workplace and then told Plaintiff she was fired.

9. Plaintiff's good faith assertions that management was not entitled to any portion of the servers and bartender's tip pool constituted opposition to violations of Federal law relating to the payment employee tips. Plaintiff's opposition, as stated herein, is a protected activity for which Defendant could impose no retaliatory measures against Plaintiff.

10. Within hours of Plaintiff last stating her opposition to violations of federal law, Plaintiff was, in fact, terminated for her assertion of her rights by Defendant.

11. Said termination of Plaintiff is an adverse employment action and violates the anti-retaliation provisions of the Fair Labor Standards Act. Defendant, through its management officials, maliciously, willfully, wantonly, and in reckless disregard of Plaintiff's rights knowingly retaliated against Plaintiff for her opposition to violations of the Federal law pertinent to employee tip compensation.

12. A causal connection exists between Plaintiff's termination and Plaintiff's opposition as previously alleged herein. Said termination would not have occurred but for Plaintiff's protected activity as described herein.

13. Defendant's retaliatory termination of Plaintiff is and was a violation of the anti-retaliation provisions of the Fair Labor Standards Act for which Plaintiff is entitled to judgment for damages including, but not limited to, the following:

   A. Loss of wages--past, present and future;

   B. Front pay;

   C. Emotional distress, embarrassment, humiliation, and stigma due to illegal termination;

   D. Out-of-pocket losses in an attempt to retain new employment; and

   E. Liquidated damages pursuant to the Fair Labor Standards Act.

WHEREFORE, Plaintiff, AMANDA RYAN, respectfully requests that this Honorable Court grant judgment for damages against the Defendants, V & J TSUNAMI LLC, as well as attorney's fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), *et seq.*

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all of the issues so triable by law.

Respectfully submitted,

CHRISTOPHER J. RUSH & ASSOCIATES, P.A.
Attorneys for Plaintiff
Compson Financial Center, Suite 205
1880 North Congress Avenue
Boynton Beach, FL 33426
561-369-3331
561-369-5902 (fax)
E-mail: crush@crushlawfl.com
E-mail: eservice@crushlawfl.com

By_____
      Christopher J. Rush   (FBN 621706)